GitEEN, J.
delivered the opinion of the court.
This is a bill by the executor of Samuel C. Reid, deceased, for a construction of the vi ill and a settlement *369 of the estate. The difficulty occurs as to the meaning of the first section of the will, which is in the following words: “I give and bequeath to my beloved wife all my property during her widowhood, until my childrem become of lawful age; after that event, I wish it equally divided among them.”
The testator left two young children, a ■ son and a daughter, the latter of whom has since died. His estate was small, and his wife was young, and has since married the defendant, Hancock.
It is insisted for Hancock and wife, that she takes the entire estate until the children arrive at twenty-one years of age, and after that event she is to share equally with the children in a division. We do not think this is the proper construction of this will.
In the construction of the will, it is the duty of the court to carry out the intention of the testator, and where the intention is incorrectly expressed, the court will carry it into effect by supplying the proper words. 2 Paige’s R. 122. If necessary to the sense, the word “and” may be supplied. Miles vs. Dyer, 5 Simons 435, 7 Cond. Eng. Ch. Rep. 484. Or, if the intention of the testator will be expressed thereby, the word “or” may be supplied between the words “widowhood” and “until.” Unless the one or the other of these words shall be supplied, the word “widowhood” in the will is wholly without significance. The words, “during her widowhood, until my children shall become of lawful age,” taken alone have the same sense as if we read, “until my children become of lawful age,” leaving out altogether the words, “during widowhood.” But the testator evidently intended that these words should have meaning. By supplying the word “or” after the word “widowhood,” the clause of the *370 will, we think, will have the meaning the testator intended to convey. It will then read thus: “I give and bequeath to my beloved wife all my property during her widowhood, or until my children become of lawful age; after that event, I wish it equally divided among them.” The sense of the clause, then, would be, that either upon her marriage or the arrival of the children to full age, the division was to take place, and the mother and children to share equally.
The counsel for Hancock and wife' suggests that the word “and” may be properly supplied after “widowhood;” and certainly that might be done, if it were necessary to the sense. But in this case that word would not alter the sense, or give meaning to the words “during her widowhood.” The termination of her widowhood would not affect the condition of the estate. It would still be hers until the children became of lawful age. But as the testator unquestionably intended that the marriage of his wife should affect her rights under the will, we think it should be construed as though the word “or” had been written in the will after the word “widowhood.”
It is said, the words “that event,” relate, grammatically, to the time at which the children shall come of lawful age; and thus fix that as the period for a division.
In the construction of wills, the intention of the testator must prevail, and a strict adherence to the grammatical sense is not allowable, where it would frustrate the intention. The words “that event” must, therefore, be understood as relating either to the marriage of the wife, or the coming of age of the children, ■whichever event should first occur.
2. The direction of the will, that, “after that event,” the property is to be “equally divided among them,” in- *371 eludes the widow as well as the children. We cannot suppose that the testator intended that, if the widow remain unmarried until the children arrived at full age, she was to be left without any provision whatever; and the wife and children having been previously mentioned in the sentence, the word “them” is used in reference to them all.
Reverse the decree.